| | | |
|---|---|---|
| Print Date: 1/8/2026 | Tangipahoa Parish Clerk of Court | Page 1 |
| Print Time: 2:42:10PM | Hon. Gary Stanga, Clerk of Court | |
| | Civil Suit Ledger- C-20250002667 | |

| | | | |
|---|---|---|---|
| Suit Number: C-20250002667 | JUSTIN THORNHILL | Date Filed: 7/11/2025 |
| Division: C | VS | Cause: DAMAGES |
| | SAFECO INSURANCE COMPANY OF OREGON | |
| Plaintiff Atty: KERR, SETH | | Defendant Atty: |
| Attorney #: 692 | | Attorney #: |
| 701 POYDRAS STREET, SUITE 3950 | | |
| NEW ORLEANS, LA 70139 | | |

| Suit Advance Balance | Suit Witness Balance | Suit Escrow Balance | Suit Pauper Balance |
|---|---|---|---|
| $54.41 | $0.00 | $0.00 | $0.00 |

| Date | Description | Balance Type | Deposit | Charge |
|---|---|---|---|---|
| 07/11/2025 | ADVANCE DEPOSIT<br>KERR, SETH | Advance | 260.00 | |
| 07/11/2025 | POSTAGE- RETURN MAIL | Advance | | 2.59 |
| 07/11/2025 | Citation | Advance | | 48.00 |
| 07/11/2025 | INDEXING FEE | Advance | | 6.00 |
| 07/11/2025 | CONFORMED COPY | Advance | | 3.00 |
| 07/11/2025 | PETITION-DAMAGES | Advance | | 38.00 |
| 07/11/2025 | INTERNET FEE - RS13:841.2 | Advance | | 5.00 |
| 07/11/2025 | SUPREME COURT JUDICIAL COLLEGE | Advance | | 0.50 |
| 07/11/2025 | INDIGENT TRANSCRIPT FUND | Advance | | 0.50 |
| 07/11/2025 | INITIALIZATION FEE | Advance | | 20.00 |
| 07/11/2025 | COLLECTION FEE FOR SELLS | Advance | | 0.15 |
| 07/11/2025 | SELLS FUND | Advance | | 2.85 |
| 07/11/2025 | JUDGES SUPPL COMP FUND | Advance | | 31.50 |
| 07/11/2025 | JUDICIAL EXPENSE FUND | Advance | | 20.00 |
| 07/11/2025 | SUPREME COURT REPORTING FEE | Advance | | 1.50 |
| 07/11/2025 | COVER SHEET | Advance | | 10.00 |
| 07/11/2025 | REQUEST FOR NOTICE | Advance | | 10.00 |
| 12/04/2025 | OP SHERIFF CK# | Paid Direct | | 41.52 |
| 12/04/2025 | SECRETARY OF STATE | Paid Direct | | 50.00 |
| 12/29/2025 | SHERIFF RETURN | Advance | | 6.00 |
| 12/29/2025 | OUT-OF-PARISH SHERIFF FEE | Advance | | 0.00 |

| Suit Parties | Type | Billing Method | Attorney |
|---|---|---|---|
| THORNHILL PROPERTIES LLC | Plaintiff | Paying | |
| THORNHILL, JUSTIN | Plaintiff | Paying | KERR, SETH |
| SAFECO INSURANCE COMPANY | Defendant | Paying | |

**EXHIBIT A**

# CIVIL CASH RECEIPT

**TANGIPAHOA PARISH CLERK OF COURT**

Date: 7/11/2024

Name: Pandit Law

Credit Card: (EFile)

CASH                CHECK #

| SUIT NO. New | AMOUNT |
|---|---|
| 2025-0002667 | 260.00 |

SUIT NAME: J. Thornhill v. Safeco Ins.

DEPUTY CLERK: Nidy

363403

NON-CERTIFIED COPY

Tangipahoa Parish Clerk of Court   20250002667
Filed Jul 11, 2025 2:42 PM        C
Marquita Dyson
Deputy Clerk of Court
E-File Received Jul 11, 2025 2:08 PM

### 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

### STATE OF LOUISIANA

CASE NO.: _____                                      DIVISION " "

### JUSTIN THORNHILL AND THORNHILL PROPERTIES LLC

### VERSUS

### SAFECO INSURANCE COMPANY OF OREGON

FILED: _____            _____
                                                                    **DEPUTY CLERK**

### PETITON FOR DAMAGES

Petitioners, Justin Thornhill and Thornhill Properties, LLC, who respectfully submits this Petition for Damages against Defendant, Safeco Insurance Company of Oregon, and further avers as follows:

### PARTIES

**1.**

Petitioner, Justin Thornhill, is of the full age of majority and resident of the state of Louisiana.

**2.**

Petitioner, Thornhill Properties, LLC, is a limited liability company authorized to do and is doing business in the State of Louisiana.

**3.**

Defendant Safeco Insurance Company of Oregon is a foreign insurance corporation, incorporated and existing under the laws of the state of Oregon, which may be served through its registered agent for service of process, the Louisiana Secretary of State, located at 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

### VENUE

**4.**

Venue is proper in this Honorable Court pursuant to article 76 of the Louisiana Code of Civil Procedure.

1

Certified True and Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Petitioners owned the commercial property located at 48171 Thornhill Lane #AB, Tickfaw, LA (hereinafter referred to as "Insured Property").

**6.**

At all times relevant hereto, Defendant provided Petitioners a policy of insurance, bearing policy number OF3067464 00 (hereafter the "Policy") which covered the Insured Property against loss and damage caused by, among other perils, wind, hail, and water. The policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**7.**

On or about February 4, 2024, the Insured Property sustained damages as a result of a storm that struck the area. The damage to the Insured Property is covered by the policy.

**8.**

In compliance with the policy, Petitioners timely provided notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

**9.**

Upon notification of the loss event, Defendant performed an initial inspection of the loss and damage to the insured properties.

**10.**

Petitioners, in compliance with the terms of the policy, cooperated with Defendant and its consultants and made the insured properties available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the insured properties.

**11.**

Defendant's payments are inadequate to cover the cost of repairs caused by the loss event. As a result of Defendant's delays and failure to pay the amounts due under the policy, Petitioners had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**12.**

2


Certified True and Correct Copy
CertID: 2025120400196


Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Defendant failed to pay the amounts due to Petitioners in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to settle Petitioners' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**13.**

Defendant has been in possession of sufficient documentation to fully apprise themselves of the actual loss and damage to the Property as a result of the loss event. Defendant failed to pay Petitioners the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than sixty (60) days.

**14.**

Petitioners notified Defendant of its dispute with Defendant's coverage decision and provided Defendant with documentation evidencing the actual cost of repairs.

**15.**

Defendant refused to cover all of Petitioners' losses.

**16.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**17.**

Defendant's failure to timely pay benefits owed under the policy has placed the insured properties at risk.

**18.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the policy and has wrongfully or unfairly limited payment on the claim.

**19.**

Because of Defendant's failure to timely compensate Petitioners for losses that are clearly covered and owed under the policy, Petitioners has and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

**20.**


Certified True and Correct Copy
CertID: 2025120400196


Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

But for Defendant's wrongful conduct, Petitioners could have completed repairs and resumed living in the Residence well prior to the date that the repairs are ultimately completed.

**21.**

As a result of Defendant's bad faith conduct in connection with its adjustment of the claim, Petitioners has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the policy in connection with Petitioners' claims.

**22.**

Defendant's acts and omissions in failing to pay Petitioners the actual amounts owed under the policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**23.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the policy in response to the damage caused by the loss event, Petitioners have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

### A. Breach of Insurance Contract

**24.**

Petitioners reallege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**25.**

The policy is an insurance contract between Petitioners and Defendant that provides coverage for the loss resulting from the hailstorm.

**26.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds owed to Petitioners under the policy.

**27.**

4


Certified True and Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**28.**

Pursuant to La. R.S. § 22:1892, Defendant is liable to Petitioners for a penalty equal to fifty percent (50%), in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs, for Defendant's failure to unconditionally tender the amounts owed to Petitioners within thirty (30) days after receipt of satisfactory proof of loss.

**29.**

Pursuant to La. R.S. § 22:1973, Defendant is additionally liable to Petitioners for actual damages, for Defendant's misrepresentations of pertinent facts concerning the amounts owed, coverages, and provisions under the policy, as well as for failing to unconditionally tender the amounts owed to Petitioners within sixty (60) days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

**30.**

Pursuant to La. R.S. § 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Petitioners for a penalty of the up to two times the actual damages Petitioners sustained or five thousand dollars, whichever is greater.

**31.**

Petitioners have suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**A. Bad Faith Damages for Violations of LSA-R.S. 22:1892 and 22:1973.**

**32.**

Petitioners re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**33.**

Pursuant to Louisiana Revised Statute 22:1892, Defendant was required to unconditionally tender payment to Petitioners for reasonably undisputed losses caused by the loss event within

5

Certified True and Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

thirty (30) days of Defendants receipt of satisfactory proof of loss when its adjusters inspected the insured properties. Defendant failed to do so.

34.

La. R.S. 22:1892 further requires Defendant to re-evaluate the claim and to tender additional unconditional payments each time Defendant receives additional information concerning the losses sustained. Defendant failed to do so.

35.

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

36.

Pursuant to La. R.S. 22:1892, Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of La. Stat. Ann. 22:1892(A)(1), which subjects Defendant to the penalty imposed under 22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

37.

Pursuant to La. R.S. 22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duties under LSA-R.S. 22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's failure to comply with the 60-day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. 22:1973(C).

38.

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due to Petitioners after its initial inspection of the damage to the insured properties. However, Defendant failed to pay even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant' failure to

6


Certified True and Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

**39.**

Defendant is therefore in breach of its affirmative duties and obligations imposed under both LSA-R.S. 22:1892 and 22:1973. Because of Defendant's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Petitioners for all additional damages resulting from Defendant's breach and, a penalty equal to two times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorney's fees, and costs, pursuant to LSA-R.S. 22:1973.

**40.**

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by the loss event and its ongoing breaches of its affirmative duties of good faith and fair dealing, Petitioners is entitled to all additional damages and penalties recoverable under both LSA-R.S. 22:1892 and 22:1973 in an amount to be determined at trial.

## DAMAGES

**41.**

As a result of the actions of Defendant, Petitioners has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

    a.    Damage to the building and other structures located at the Insured Property;

    b.    Mitigation, remediation and repair costs;

    c.    Diminution in value;

    d.    Lost and/or damaged personal property;

    e.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

    f.    Business loss and extra expenses;

    g.    Loss of economic opportunities;

    h.    Any and all other applicable damages covered under any of the applicable coverages afforded under the policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

7


Certified True and Correct Copy
CertID: 2025120400196


Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

    i.    Any and all other consequential damages caused by Defendant's breaches;

    j.    Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

    k.    Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

### 42.

### DEMAND FOR JURY TRIAL

Petitioners hereby requests a trial by jury.

### REQUEST FOR RELIEF

**WHEREFORE**, Petitioners, Justin Thornhill and Thornhill Properties, LLC, prays that, after due proceedings, there be a judgment rendered herein in Petitioners' favor and against Defendant, Certain Underwriters at Lloyd's, London, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Petitioners in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

    Respectfully submitted,

    PANDIT LAW FIRM, LLC

    BY: _____
    **SETH KERR**, Bar No. 39755
    **RAJAN PANDIT**, Bar No. 32215
    701 Poydras Street, Suite 3950
    New Orleans, LA 70139
    Telephone:  (504) 313-3800
    Facsimile:  (504) 313-3820
    Email:  skerr@panditlaw.com
          raj@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC**
**MATTHEW M. MIZE**, Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:  (337) 433-0234
Fax:  (337) 433-8595
Email:  mmm@rmwlegal.com
***Counsel for Petitioners***


Certified True and
Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**PLEASE ISSUE CITATION AND SERVE:**

**PLEASE SERVE:**
Safeco Insurance Company of Oregon
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

9

Certified True and Correct Copy
CertID: 2025120400196

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Tangipahoa Parish Clerk of Court   20250002667
Filed Jul 11, 2025 2:42 PM          C
Marquita Dyson
Deputy Clerk of Court
E-File Received Jul 11, 2025 2:08 PM

JUSTIN THORNHILL AND THORNHILL PROPERTIES LLC    vs.    SAFECO INSURANCE COMPANY OF OREGON

Court: 21st Judicial District    Docket Number: _____

Parish of Filing: Tangipahoa    Filing Date: 07/11/2025

Name of Lead Petitioner's Attorney: Seth Kerr

Name of Self-Represented Litigant: _____

Number of named petitioners: 1    Number of named defendants: 1

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

- [ ] Auto: Personal Injury
- [ ] Auto: Property Damage
- [ ] Auto: Wrongful Death
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Property Damage
- [ ] Asbestos: Personal Injury/Death
- [ ] Product Liability
- [ ] Premise Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Property Damage
- [ ] Intentional Wrongful Death
- [ ] Unfair Business Practice
- [ ] Business Tort
- [ ] Fraud
- [ ] Defamation
- [ ] Professional Negligence
- [ ] Environmental Tort
- [ ] Medical Malpractice
- [ ] Intellectual Property
- [ ] Toxic Tort
- [ ] Legal Malpractice
- [x] Other Tort (describe below)
- [ ] Other Professional Malpractice
- [ ] Redhibition
- [ ] Maritime
- [ ] Class action (nature of case)
- [ ] Wrongful Death
- [ ] General Negligence

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Unpaid losses due under Insurance Contract

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name: Seth Kerr    Signature: [signed]

Address: 701 Poydras St., Suite 3950, New Orleans, LA 70139



Tangipahoa Parish
Deputy Clerk Of Court

Certified True and Correct Copy
CertID: 2025120400198

Generated Date:
12/4/2025 2:15 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court   20250002667
Filed Jul 11, 2025 2:42 PM           C
Marquita Dyson
Deputy Clerk of Court
E-File Received Jul 11, 2025 2:08 PM

# 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

## STATE OF LOUISIANA

CASE NO.:                                                                        DIVISION " "

### JUSTIN THORNHILL AND THORNHILL PROPERTIES LLC AND

### VERSUS

### SAFECO INSURANCE COMPANY OF OREGON

FILED:_____                              _____
                                                      DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

TO:   Gary Stanga
      Clerk of Court-
      318-A NW Railroad Avenue
      Hammond, LA 70401

In accordance with the provisions of LSA-C.C.P. Articles 1571 and 1572, you are hereby requested to give the undersigned, as counsel for Petitioners, **Justin Thornhill and Thornhill Properties LLC**, in the above-captioned matter, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing of the case, whether on exception, rules or the merits thereof.

In accordance with the provisions of LSA-C.C.P. Articles 1914 and 1915, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment.

**Respectfully submitted,**

PANDIT LAW FIRM, LLC

BY: _____
**SETH KERR**, Bar No. 39755
**RAJAN PANDIT**, Bar No. 32215
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:   (504) 313-3800
Facsimile:   (504) 313-3820
Email:       skerr@panditlaw.com
             raj@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC
MATTHEW M. MIZE**, Bar No. 33993

1.

Certified True and
Correct Copy
CertID: 2025120400197

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone: (337) 433-0234
Fax: (337) 433-8595
Email: mmm@rmwlegal.com

*Counsel for Petitioners, Justin Thornhill and Thornhill Properties LLC*

2.


Certified True and Correct Copy
CertID: 2025120400197

Tangipahoa Parish
Deputy Clerk Of Court

Generated Date:
12/4/2025 2:14 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

*CITATION*

D1630797

| | | |
|---|---|---|
| JUSTIN THORNHILL | | DOCKET NUMBER: C-20250002667 |
| | | *Division:* C |
| VS | **CLERK OF COURT** | *21st Judicial District Court* |
| | | *Parish of Tangipahoa* |
| SAFECO INSURANCE COMPANY OF OREGON | | *State of Louisiana* |

To:  *SAFECO INSURANCE COMPANY OF OREGON*         *Parish of EAST BATON ROUGE*
THROUGH LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

***YOU ARE HEREBY SUMMONED*** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana. You are the named defendant in the above captioned matter. Attached to this citation is a:*
    X   *Certified Copy of Original Petition*
       *Certified Copy of Amended Petition*
       *Discovery Request*

**Article 1001 of the Louisiana Code of Civil Procedure states:**
**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
**C.** The Court may grant additional time for answering.
**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**
*This service was requested by KERR, SETH and was issued by the Clerk of Court on JULY 11, 2025.*

*Pleading Served*
*PETITION FOR DAMAGES, REQUEST FOR NOTICE & CIVIL CASE COVER SHEET*

_____
Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

---

**SERVICE INFORMATION**

*Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above-named party as follows:*

**Personal Service** *on the party herein named* _____.

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

*Returned: Parish of _____ this _____ day of _____, 20____.*
Service $ _____
Mileage $ _____
Total $ _____

By: _____
*Deputy Sheriff*

I made service on the named party by tendering a copy of this document on this day

ORIGINAL

SCANNED
BC

PREPAID

Deputy Sheriff, Parish of East Baton Rouge, LA

NON-CERTIFIED COPY